CULLITON, Respondent, vs. BENTLEY and others, Appellants.

*February 16—March 13, 1917.*

*Taxation: Assessment not in "compliance with law:" Reassessment: Authority of tax commission.*

1. Sec. 1087—45 *et seq.*, Stats.,—providing that when the assessment of property in any district "is not in substantial compliance with law," etc., the tax commission may order a reassessment to be made and reviewed by persons appointed by the commission,— aims to correct substantial violation of the assessment laws by whomsoever committed. It authorizes a reassessment where an unjust and unequal assessment was made by the local assessor, even though, no complaint having been made to the board of review, that board was not called upon to review such assessment and consequently did not in any way violate its duty in the matter.
2. The legislature had power to grant such authority to the tax commission.

APPEAL from an order of the superior court of Douglas county: CHARLES SMITH, Judge. *Reversed.*

The defendants appeal from an order overruling a general demurrer to the complaint and granting injunctional relief *pendente lite.* The action is brought in equity by a taxpayer and resident of the town of Summit in Douglas county to prevent the illegal expenditure of the funds of the town. The complaint states in substance that the town assessor prepared the assessment roll of the town in 1916 in accordance ith law and laid the same before the town board of review,

which board examined the same and found no errors or omissions; that only two persons appeared before the board of review to complain of their assessments, and that the assessor, without action of the board, voluntarily corrected their assessments and therefore the board of review made no change in the roll; that the board of review performed its full duty, held all meetings and gave all notices required by law, but no persons appeared before the board to give evidence as to property being assessed too high or too low or being omitted from the roll; that the assessor of incomes did not report to the town clerk that any property was omitted or had not been assessed according to law, but that the Wisconsin state tax commission, on complaint of the county assessor of incomes alone, after a hearing at which no evidence was given showing any violation of law on the part of the board of review but only evidence relating to the acts of the assessor, it being claimed that the improved lands in the town were valued much below their real value and lower than unimproved lands, illegally and without jurisdiction ordered a reassessment of the property of the town and appointed the defendants *Bentley* and *Chaffey* as assessors to make such assessment and the defendants *LeClair, Clark,* and *Harris* to act as a board of review, fixing the compensation of each of such appointees at $5 per day; that said persons so appointed have commenced their work and will proceed therein and will incur an expense chargeable to the town of Summit exceeding $1,000; that the order of the commission appointing said assessors and board of review is illegal and void because there had been no violation of law on the part of the regular board of review, and that until there had been such a violation the tax commission had no power or jurisdiction to order a reassessment. A perpetual injunction was prayed for and an order restraining the defendants from acting *pendente lite*.

Upon the hearing of the motion for a temporary injunctional order it appeared by affidavit and by the record of the

testimony taken before the tax commission upon the hearing had before the making of the order for reassessment that the town assessor systematically assessed improved lands and farm buildings and live stock at about twenty per cent. of their value and wild and unimproved lands at more than their true value, and that the members of the town board of review knew the fact.

For the appellants there was a brief by *Archibald McKay* of Superior, district attorney, and the *Attorney General* and *E. E. Brossard,* assistant attorney general, of counsel, and oral argument by *Mr. Brossard* and *Mr. McKay.*

For the respondent the cause was submitted on the brief of *Luse, Powell & Luse* of Superior.

WINSLOW, C. J.    The plaintiff sues as a taxpayer to prevent an alleged illegal expenditure of the town funds.    If the complaint shows that the expenditure is legal he manifestly has no standing.    We are of the opinion that this is exactly what the complaint shows.

Our statutes provide in substance (sec. 1087—45 *et seq.,* originally ch. 259, Laws 1905) that when it appears to the tax commission, on an investigation made on its own motion or on complaint and summary hearing, "that the assessment of property in any assessment district is not in substantial compliance with law and that the interest of the public will be promoted by a reassessment of such property," the commission shall have authority to order a reassessment of the property of the district by assessors and a board of review to be appointed by the commission and ultimately paid by the district.

The constitutionality of this act was fully sustained in the case of *State ex rel. Hessey v. Daniels,* 143 Wis. 649, 128 N. W. 565.

The complaint here shows that the tax commission acting under this law, upon complaint made and testimony taken,

directed a reassessment and appointed the assessors and a board of review to make such reassessment. No claim is made that the action of the tax commission was taken corruptly or without evidence. The only serious claim made is that the legislature cannot authorize the supplanting of local officers who have not violated their duty; that the complaint shows that the town board of review did not in any way violate their duty because no complaints were laid before them and hence they were not authorized or required to change the assessments as made by the assessor; and consequently that the tax commission has no power to order a reassessment or supplant the local board of review which has committed no breach of duty. The idea seems to be that where no one makes complaint to the board of review and consequently the board of review is not called on to review the assessment, the tax commission cannot order a reassessment, however unjust or corrupt the assessment as made by the assessor may be.

The argument is ingenious but not convincing. The law authorizes the commission to order a reassessment when the original assessment "is not in substantial compliance with law" and the public interest will be promoted thereby. An unjust and unequal assessment roll just as truly violates the law when the injustice results from the acts of the assessor alone as when it results from the acts of the board of review, or of both assessor and board combined. The statute aims to correct substantial violation of the assessment laws by whomsoever committed.

The complaint shows that the tax commission was acting within its duties, hence the demurrer thereto should have been sustained and the motion for a temporary injunctional order denied.

*By the Court.*—Order reversed, and action remanded with directions to sustain the demurrer and deny the motion for a temporary injunction.